# 99 DTA 104

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE SAN JUAN
## PANEL III

AUREA TORRES FEBO, JUAN PINEDA HERRA Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Apelantes

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO
Apelado

Núm. KLAN-98-00022

San Juan, Puerto Rico, a 16 de marzo de 1999

Panel integrado por su Presidente, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

González Román, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparecen ante este Tribunal los esposos Juan Pineda Herrá (señor Pineda) y Aurea Torres Febo (señora Torres) y la Sociedad de Gananciales compuesta por ambos, solicitando que se revoque la sentencia dictada el 6 de noviembre de 1997 por el Tribunal de Primera Instancia, Sala de San Juan.

En dicha sentencia el tribunal declaró sin lugar una acción de daños y perjuicios y violación de derechos civiles instada por los esposos Pineda-Torres contra el Estado Libre Asociado de Puerto Rico. A continuación, exponemos los hechos pertinentes del caso.

### I

El 13 de abril de 1995, cerca de las 8:00 p.m., el señor Pineda y su esposa, la señora Torres, recibieron en su hogar la visita de una pareja de amigos, que próximamente habrían de contraer matrimonio. El propósito de la visita era solicitar, en calidad de préstamo, el traje de novia que había usado la señora Torres el día de su boda. Allí, mientras compartían, ingirieron bebidas alcohólicas.

Aproximadamente en horas de la medianoche decidieron celebrar entre sí una despedida de solteros. A esos efectos se dirigieron en vehículo de motor al Hotel Dutch Inn en El Condado, pero lo encontraron cerrado. Luego se trasladaron al local denominado *"Cache Tropical"*, sito en la Ave. Borínquen, en Barrio Obrero en Santurce. Allí también ingirieron bebidas alcohólicas.

Alrededor de las 2:45 de la madrugada, los agentes del orden público, Efraín Mercado Marrero, Waleska Vega González, Efraín Ortiz y Luis Acevedo, vestidos de civil, llevando un chaleco a prueba de balas y una cadena de la cual pendía la identificación correspondiente, se encontraban en patrullaje o vigilancia preventiva por el área de Barrio Obrero. Discurrían en un vehículo azul *"Jeep Cherokee"*, rotulado con el emblema de la Policía de Puerto Rico y tablilla de gobierno. A través del radio de la patrulla recibieron una notificación de que en el negocio *"Cache Tropical"* había personas ocasionando estrepitosos ruidos e ingiriendo bebidas alcohólicas en las aceras y vías públicas en contravención a la ordenanza municipal que lo prohibía.

Al personarse los policías al referido lugar, el cual estaba bien alumbrado, orientaron a las personas que se encontraban fuera del negocio ingiriendo bebidas alcohólicas. Les indicaron que debían, ya bien, entrar al negocio o desechar al zafacón la bebida alcohólica que estaban ingiriendo.

El señor Pineda salía del *"Cache Tropical"* con una cerveza en la mano junto a su esposa y la otra pareja amiga cuando arribaba al lugar la patrulla de policías antes mencionada. Al escuchar la orientación de los policías, el señor Pineda interpeló sobre quiénes eran ellos para emitir tal orden. Al señalarle el agente Ortiz que su autoridad emanaba de ser agente del orden público, el señor Pineda arrojó la botella de cerveza al suelo. Al indicarle el agente Ortiz que debía recogerla y depositarla en el zafacón, el señor Pineda con palabras y gestos agresivos y soeces se negó a hacerlo.

Ante esta situación, el agente Ortiz le comunicó que procedería a arrestarlo. Ocurrió un forcejeo entre ambos, ya que el señor Pineda se resistía al arresto. Entre tanto, la señora Torres se colgó de la parte posterior del cuello del agente Ortiz, tratando así de evitar el arresto del señor Pineda.

Al observar esto, la agente Vega intentó auxiliar al agente Ortiz, quitándole de encima a la señora Torres. Por su parte la otra dama que acompañaba a los esposos Pineda-Torres y quien se encontraba en estado de gestación, intervino halándole el cabello a la agente Vega. El agente Acevedo logró arrestar a esa dama.

Mientras todo esto ocurre y en el violento forcejeo habido, tanto el agente Ortiz como el señor Pineda caen al pavimento. Este último, y como producto de la caída, sufre un trauma con herida profunda abierta en el párpado superior izquierdo. A su vez, también la agente Vega y la señora Torres cayeron al suelo. Producto de todo este forcejeo y de la subsiguiente caída la agente Vega sufrió arañazos en la cara y cuello y hematomas en diversas partes del cuerpo. La señora Torres sufrió hematomas en la cara.

El señor Pineda fue atendido de su herida en el párpado superior izquierdo en el Centro Médico de Río Piedras. Allí se le corrigió y suturó la herida en el área afectada, ya que la laceración cubría el grosor completo del párpado. La señora Torres y la agente González fueron llevadas al Centro de Salud Comunal Dr. José Belaval, Inc. para que recibieran asistencia médica. Luego que el señor Pineda y la señora Torres fueron atendidos médicamente, fueron conducidos, junto con su pareja amiga, al cuartel de la policía en Barrio Obrero.

En horas de la mañana del 14 de abril de 1995, los cuatro (4) arrestados fueron llevados a la sala de investigaciones del Centro Judicial de San Juan. Allí se les radicaron denuncias por el delito de empleo de violencia o intimidación contra la autoridad pública, Artículo 256 del Código Penal, 33 L.P.R.A., Sec. 4491. El juez que intervino encontró causa probable para su arresto y les fijó tres mil dólares ($3,000) de fianza a cada uno de ellos, las cuales fueron prestadas, quedando en libertad.

El 19 de junio de 1995 se celebró el juicio contra los esposos Pineda-Torres y su pareja amiga y el tribunal los absolvió de todos los cargos.

Por estos hechos, el 16 de abril de 1996, el señor Pineda y la señora Torres y la Sociedad de Gananciales compuesta por ambos, presentaron en el Tribunal de Primera Instancia, Sala de San Juan, una demanda sobre daños y perjuicios y violación de derechos civiles. Alegaron que como consecuencia de los actos antes reseñados ocasionados por la negligencia de los agentes de la Policía, habían sufrido daños físicos y emocionales. Solicitaron una indemnización de $1,000,000.

## II

El señor Pineda y la señora Torres señalan que el tribunal erró al resolver que los apelantes fueron los causantes del incidente de violencia ocurrido entre ellos y los policías al actuar de manera agresiva, desafiante y violenta contra los policías. También señalan que el tribunal erró al resolver que el señor Pineda estaba en estado de embriaguez al momento de ocurrir los hechos. Finalmente, los esposos Pineda-Torres indican que erró el tribunal al resolver que la intervención de los policías fue justificada y que no utilizaron fuerza excesiva para

arrestar a los apelantes. Por estar íntimamente relacionados los errores que señalan los esposos Pineda-Torres, los discutiremos conjuntamente.

La Ley de Reclamaciones y Demandas contra el Estado, Ley Núm. 104 del 29 de junio de 1995, 31 L.P.R.A., Sec. 5142, dispone que procede una demanda contra el Estado en acciones de daños y perjuicios cuando un empleado o agente suyo, dentro de sus funciones oficiales, cause daño a una persona por haber mediado culpa o negligencia. Para que proceda este tipo de demanda tiene que quedar claramente establecido que el que propició los daños, era en efecto un agente, funcionario o empleado del E.L.A. y que estaba actuando en su capacidad oficial al momento de causar el daño. Debe probarse que la actuación de dicho agente fue negligente y no intencional, que existe nexo jurídico entre la negligencia y los intereses del Estado. Es necesario demostrar que existe relación causal entre la conducta culposa y el daño producido. De configurarse dichas circunstancias, el Estado responderá por dichos daños bajo los preceptos de los Artículos 1802 y 1803 del Código Civil, Secs. 5141 y 5142. *Leyva v. Aristud y E.L.A.,* __ D.P.R. __ (1993) **93 J.T.S. 5.**

En el Tribunal de Instancia declararon por el Estado los cuatro agentes que intervinieron con los esposos Pineda-Torres el día que ocurrieron los hechos de este caso y por contraparte ofrecieron su testimonio el señor Pineda y la señora Torres. El Tribunal determinó, luego de apreciada y evaluada toda la prueba desfilada en la vista, que los testimonios vertidos por los agentes le merecían entero crédito en cuanto a la forma y manera en que ocurrió el incidente que dió lugar a la demanda. A base de dichos testimonios, concluyó que las lesiones sufridas por los esposos Pineda-Torres fueron ocasionadas en el forcejeo y en la resistencia de éstos a la autoridad ejercida por los agentes y al posterior arresto del señor Pineda y de la señora Torres. En consecuencia, el Tribunal determinó que la conducta reprobable de los esposos Pineda-Torres fue la que ocasionó los daños que éstos sufrieron durante su arresto por los agentes de la Policía.

Surge del expediente del caso ante nos, que el señor Pineda tiró a la acera una botella de cerveza que tenía en la mano cuando el agente Ortiz le daba instrucciones de que no se podía beber licor en la acera. El agente Ortiz le ordenó al señor Pineda recoger la botella y que la depositara en el zafacón, a lo que éste se negó. Al desobedecer la orden de recoger la botella, según solicitado por un agente autorizado por ley, la actuación de arrojar el desperdicio en cuestión se convierte en un delito cometido en presencia de un funcionario del orden público. ■ El agente Ortiz procedió a arrestar el señor Pineda en virtud de la Regla 11 de Procedimiento Criminal, 34 L.P.R.A., la cual autoriza a un funcionario del orden público a arrestar sin orden cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia.

La prueba presentada en este caso, conforme se desprende del expediente y creída por el juzgador de instancia, estableció que el señor Pineda trató de impedir ser arrestado, entrando en un forcejeo con el agente Ortiz, provocando que ambos cayeran al suelo. Como consecuencia de la caída el señor Pineda sufrió una herida en uno de sus ojos. Si el señor Pineda no hubiese presentado resistencia al arresto, llegando a forcejear con el agente Ortiz, no se habría producido la herida en su rostro. De igual forma, si la Señora Torres no se hubiera colgado al cuello del agente Ortiz para tratar de impedir el arresto de su esposo, no habría sufrido hematomas en su cara al intervenir la agente Vega y caer ambas al suelo. Por estos fundamentos el tribunal *a quo* encontró que la conducta de los agentes no fue negligente y sí una responsable y cónsona con sus deberes como funcionarios del orden público y, por consiguiente, desestimó la causa de acción presentada por los esposos Pineda-Torres.

Habiendo examinado cuidadosamente la Exposición Narrativa de la Prueba concluimos que no existe justificación para descartar la apreciación de los hechos que hizo el tribunal apelado y substituirla con la nuestra cuando fue el juzgador de instancia quien tuvo la oportunidad de tener contacto directo con los testigos y el resto de la prueba en el caso. ■ Los esposos Pineda-Torres no nos han convencido de que en su apreciación de la prueba el Tribunal de Primera Instancia cometiera manifiesto error o actuara movido por pasión, prejuicio o

parcialidad. *Pueblo v. Rivera Nazario*, __ D.P.R. __ (1996), **96 J.T.S. 147**; *Quiñones López v. Manzano Pozas*, __ D.P.R. __ (1996), **96 J.T.S. 95.**

En virtud de todo lo anterior, se confirma la sentencia apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 99 DTA 104**

**1.** El Artículo 59 del Código de Legislación Penal del Municipio de San Juan, Ordenanza Núm. 24 del 14 de septiembre de 1987, dispone lo siguiente:

*"Toda persona que lanzare a una vía pública, a un parque o plaza, a una playa o a cualquier otro sitio público, así como a cualquier propiedad pública o privada perteneciente a otra persona o al Estado, papeles, envolturas, frutas o cualquier material, escombros, o cualquier clase de basura o desperdicio, incluyendo vehículos de transportación terrestre, aérea y marítima, muebles, enseres de cualquier naturaleza, incurrirá en delito menos grave y convicta que fuere será castigada con multa de quinientos dólares ($500.00) o un día de cárcel por cada dólar que dejare de satisfacer hasta seis (6) meses de cárcel."*

**2.** Habida cuenta que la parte apelante presentó la exposición narrativa de la prueba y el Pueblo de Puerto Rico no la objetó, consideramos la misma como la exposición narrativa del caso.